Dismissed and Memorandum Opinion filed August 6, 2009








Dismissed
and Memorandum Opinion filed August 6, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00511-CV

____________

 

CLETUS GRAVES, WILEY KIMBELL, DWAIN
WOOD, DOUGLAS CORLEY, and THE UNDERWRITERS GROUP, INC. a FLORIDA CORPORATION,
Appellants

 

V.

 

GALLOWAY, JOHNSON, THOMPKINS, BURR
& SMITH, a Professional Corporation Appellee

 



 

On Appeal from the
80th District Court

Harris County, Texas

Trial Court Cause No.
2007-43909

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a summary judgment signed December
10, 2008.  No motion for new trial was filed.  Appellants= notice of appeal
was not filed until June 3, 2009.  We dismiss the appeal for want of
jurisdiction.








In
granting appellee=s motion for summary judgment, the trial judge, the Honorable
Lynn Bradshaw-Hull, modified the judgment, adding AInterlocutory and Partial@ to the order=s title, and also adding Ainterlocutory@ to the description of Defendants= Motion for Summary Judgment.[1] 
The order further stated that summary judgment Aagainst all Plaintiffs is GRANTED. 
Plaintiffs shall take nothing from Defendant, Galloway, Johnson, Tompkins, Burr
& Smith, A Professional Law Corporation, who stands fully discharged and
acquitted.@  The law firm was the only defendant.  

Months
later, after a new judge of the trial court had assumed office, a docket
control order containing a trial setting was sent to the parties.  Appellee
filed a motion to dismiss, subject to its position that the trial court lacked
jurisdiction.  Appellee asserted that the December 10, 2008, summary judgment
order was final, despite the addition of the words Ainterlocutory@ and Apartial.@  The new trial judge, the Honorable
Larry Weiman, agreed, and on May 8, 2009, he signed an order that the December
order Ais and was a final judgment as of
December 10, 2008.@  Appellants then filed their notice of appeal.

An appellant=s notice of appeal
must be filed within thirty days after the judgment is signed when appellant
has not filed a timely motion for new trial, motion to modify the judgment,
motion to reinstate, or request for findings of fact and conclusion of law.  See
Tex. R. App. P. 26.1.

Appellants= notice of appeal was not filed timely.  A
motion for extension of time is necessarily implied when an appellant, acting
in good faith, files a notice of appeal beyond the time allowed by rule 26.1,
but within the fifteen-day grace period provided by rule 26.3 for filing a
motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615,
617-18 (Tex. 1997) (construing the predecessor to rule 26).  Appellants=  notice of appeal
was not filed within the fifteen-day period provided by rule 26.3.  See
Tex. R. App. P. 26.3.








.On July 10, 2009, notification was transmitted to all
parties of the court=s intention to dismiss the appeal for want
of jurisdiction.  See Tex. R. App. P. 42.3(a).  The parties filed
responses to the notice.  Appellants = response fails to
demonstrate that this court has jurisdiction over the appeal.

Appellants argue that because the trial judge modified the summary judgment order
to include the words Ainterlocutory@ and Apartial,@ the order was interlocutory.  Appellants have not identified
a genuine issue that was not resolved by the summary judgment, however.[2] 


The
leading case on summary judgment finality is Lehmanm v. Har-Con Corp.,
38 S.W.3d 191 (Tex. 2001).  When there has not been a conventional trial on the
merits, an order or judgment is not final for purposes of appeal unless it
actually disposes of every pending claim and party or unless it clearly
and unequivocally states that it finally disposes of all claims and all
parties.  Id. at 205 (emphasis supplied).  Language that the plaintiff
take nothing by his claims shows finality if there are no other claims by other
parties.  Id.  When an order is unclear, Lehmann requires  the
appellate court to look to the record in the case to determine whether the
order disposes of all pending claims and parties.[3] 
Id. at 205-06.  After our review of the record, it is clear that all
claims were disposed of when the firm=s motion for summary judgment was
granted, and the Lehmann test is satisfied.  Lehmann recognized
that the situation presented here may occur:  








[A]n order
can be a final judgment for appeal purposes even though it does not purport to
be if it actually disposes of all claims still pending in the case. Thus, an
order that grants a motion for partial summary judgment is final if in fact it
disposes of the only remaining issue and party in the case, even if the order
does not say that it is final, indeed, even if it says it is not final.

Id. at 204.

We hold
that the December 10, 2008, summary judgment order is final.  Appellants= notice of appeal is therefore
untimely, and we lack jurisdiction.  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Frost.

 









[1]  The firm=s
motion was titled ADefendant=s
Motion for Summary Judgment Against All Plaintiffs.@  Appellants had also filed motions for partial
summary judgment that were denied in the same order. 





[2]  We reject appellants= theory that the original trial judge may have considered the judgment
interlocutory because a cause of action for negligent misrepresentation was
arguably raised by the facts alleged in the petition, but not pleaded and
addressed in the summary judgment motion or response.  We also reject
appellants= contention that typographical errors in the judgment=s disposition of costs rendered the judgment
interlocutory.





[3]  If the appellate court is uncertain about the intent
of the order, it can abate the appeal to permit clarification by the trial
court.  Lehmann, 38 S.W.3d at 206.  Here, the trial court has already
ruled that the December 10, 2008, order is final, and abatement would serve no
purpose.